ARNOLD WORSLEY and others v. BATTLE BRYAN and others.

*Execution—Application of proceeds of Sale.*

Money raised by sale of the debtor's land under execution, must be applied to that execution (and others in his hands) in preference to the claim of a prior judgment creditor whose execution was not in the hands of the sheriff at the time of the sale ; but the lien of such prior judgment on the land is not thereby affected.

(*Allemong* v. *Allison*, 1 Hawks, 325 ; *Green* v. *Johnson* 2 Hawks, 309 ; *Palmer* v. *Clark*, 2 Dev., 354 ; *Motz* v. *Stowe*, 83 N. C., 434, cited and approved.)

PROCEEDING in nature of a rule on a sheriff for the application of money raised under execution, heard at Spring Term, 1881, of EDGECOMBE Superior Court, before *Shipp, J.*

The question presented for determination by the record in this case is, as to the proper application of a sum of money, raised by the defendant Bryan, as sheriff of Edgecombe, by virtue of a sale of the land of one Jesse Stancil, under executions in his hands, issued upon judgments duly docketed in the superior court of said county. The facts are as follows :  One Andrews obtained a judgment against Jesse Stancil, before a justice of the peace, founded upon a sealed note dated February 3d, 1859, for the sum of one hundred and ninety-two $\frac{44}{100}$ dollars, which was docketed in said county on the 28th day of May, 1878, on which execution was issued on the 1st day of January, 1879, to the sheriff, who advertised the land of the defendant for sale on the 14th day of April, 1879, the same being the first day of spring term, 1879, of the superior court of the county. At the instance of the defendant, and with the consent of the plaintiff in the execution, the sale was postponed until one o'clock on the 15th day of April. On the last mentioned day a judgment founded upon a sealed note bearing date

30th day of June, 1862, in favor of the plaintiffs, Arnold Worsley and wife, against the said Jesse Stancil, for the sum of three hundred and forty-four $\frac{60}{100}$ dollars, was docketed in the office of the superior court clerk, and an execution returnable to fall term, 1879, issued thereon was placed in the hands of the sheriff at about the hour of ten in the morning of said 15th day of April, 1879, and at one o'clock on that day the sheriff sold the land of the defendant, Stancil, for the satisfaction of the two executions then in his hands, and it was bid off for six hundred and two dollars, more than enough to satisfy both executions, and the purchase money was duly paid.

At fall term, 1876, of the superior court of said county, one C. H. Jenkins had obtained a judgment against the said Stancil, and had the same docketed the 28th day of August, 1876. An execution had been issued thereon returnable to fall term, 1878, but was indulged by the plaintiff's attorney, and no execution on the same was in the hands of the sheriff at the time of the sale. The judgment was on a note bearing date March 22d, 1871, and was assigned in writing on the record to the defendant G. A. Stancil.

It was admitted that the judgment of Worsley and wife had been duly assigned to the plaintiffs, Francis M. Leigh and W. G. W. Leigh.

The execution on the Andrews judgment was satisfied by the sheriff, and he was forbidden by G. A. Stancil and Jesse Stancil from applying any portion of the proceeds of the sale to the Worsley judgment, contending that the Jenkin's judgment was entitled to the preference. But His Honor not concurring in this view, adjudged that the fund remaining in the hands of the sheriff be applied to the judgment in favor of F. M. and W. G. W. Leigh, the assignees of Worsley and wife. Appeal by defendants.

*Messrs. Battle & Mordecai,* for plaintiffs.
*Mr. J. L. Bridgers, Jr.,* for defendants.

ASHE, J. We are of the opinion there was no error in this ruling of His Honor. The judgment in favor of Jenkins is in no view entitled to any part of the proceeds of the sale.

In the first place, the land was sold for six hundred and two dollars, which we must presume was its value, subject to any prior liens. The Jenkins' judgment was founded upon a note given in 1871, and the defendant is entitled to his homestead against it. It created no lien upon the land which could be enforced by a sale under execution. If execution had been issued upon it, and it had been the only execution in the hands of the sheriff, he could not have sold under it, without having first laid off the homestead of the defendant Stancil, and as there was no excess over the one thousand dollars value of the land, there would have been nothing subject to sale under the execution.

And in the next place, even if the Jenkins' judgment had been rendered upon a debt contracted before 1868, and clear of the impediment of the homestead right of the defendant, it still would not have been entitled to any portion of the fund, for the reason that no execution on the same was in the hands of the sheriff at the time of the sale.

It is too well settled in this state, to admit of controversy, that where a sheriff has levied upon property under a *fi. fa.,* and before he has completed execution by sale, another *fi. fa.* comes to his hand with a prior lien, he should apply the proceeds of sale to the first. *Allemong* v. *Allison,* 1 Hawks, 325 ; *Green* v. *Johnson,* 2 Hawks, 309. And when the executions are of equal testes, or have equal rights of satisfaction, they should be satisfied equally or *pro rata. Palmer* v. *Clark* 2 Dev., 354. Such was the law before the Code and we do not think the principle has been changed by its adoption.

It is true, instead of the execution it is now the judgment which creates the lien, and the effect of the execution is to enforce the lien; but the sheriff can only look to it for his guide in making the sale and the application of the money raised thereby. *Motz* v. *Stowe*, 83 N. C., 434. Though we hold that no part of the money raised by the sheriff's sale is applicable to the Jenkins judgment, yet we do not wish to be understood as deciding that the lien of that judgment upon the land may not be enforced when the homestead right expires.

There is no error. The judgment of the court below is affirmed.

No error.                  Affirmed.